IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| KAREN THRASHER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:03-0706 |
|  | ) | Haynes/Griffin |
| SUNTRUST BANKS, INC., EMPLOYEE | ) |  |
| BENEFIT PLAN, and PROVIDENT | ) |  |
| LIFE AND ACCIDENT INSURANCE | ) |  |
| COMPANY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## M E M O R A N D U M

Plaintiff, Karen Thrasher, filed this action under the Employment Retirement Income Security Act, 29 U.S.C. § 1133 et seq., ("ERISA"), against Defendants, Suntrust Banks, Inc., Employee Benefit Plan and Provident Life and Accident Insurance Company. Plaintiff contests the denial of long-term disability benefits allegedly due her under the Employee Benefit Plan ("Plan").

Upon joint motion of the parties, the Court entered an Agreed Order to suspend the proceedings pending the resubmission of the Plaintiff's claims to the Plan. (Docket Entry No. 24). In their joint motion, the parties reserved their right to seek attorneys' fees, and agreed, in pertinent part, that:

> "nothing in the Joint Motion or in this Order shall be an admission by any
> Party that any other Party is or shall become entitled to attorneys' fees...nothing
> in the Joint Motion or this Order shall be deemed a decision on the merits of the
> claim nor otherwise be considered a decision by the Court triggering an entitlement
> to fees... and... such order will be without prejudice to any Parties' ability to seek
> attorneys' fees upon the resolution of the claim on the merits."

Id. at 2-3. Since the entry of this Order, the parties resolved Plaintiff's benefits claim.

Before the Court is Plaintiff's motion for attorneys' fees (Docket Entry No. 32), contending, in sum, that the Defendants failed to follow the Plan procedures in good faith; that the Defendants have the

capacity to pay an award of attorneys' fees; that resolution of the issues in Plaintiff's favor would bestow a common benefit upon all claimants by requiring Defendants to follow the established Plan procedures; and that the Defendants' failure to follow Plan procedures gives rise to the substantive merits of Plaintiff's claims. Id. at 5-6.

In opposition, the Defendants respond that Plaintiff's motion for attorneys' fees (Docket Entry No. 35), should be denied because it was the Defendants who allowed the Plaintiff's appeal for her claim for benefits, and recovery was not the product of Plaintiff's counsel's work. Defendants also argue that an award of attorneys' fees here would not have a deterrent effect on other persons under similar circumstances. Further, Defendants assert that Plaintiff's action does not confer a benefit on any other individual or entity. Finally, Defendants assert that the evidence does not support Plaintiff's argument that Defendants engaged in procedural irregularities. Id. at 11-15.

In ERISA actions, courts have discretion to "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). When exercising this discretion in this Circuit, district dourts should consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries on an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Armistead v. Vernitron Corp., 944 F.2d 1287, 1301 (6th Cir. 1991)(citing Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985)). No single factor is determinative, and courts are required to consider each factor before exercising its discretion. Armistead, 944 F.2d at 1304. Nevertheless, the King factors should not be seen as restrictive; rather, these factors are "as good a place as any to begin the

development of a common law of fee-shifting under ERISA, even if they do not turn out to be the final word on the subject." Id. at 1303-04.

With the Agreed Order to suspend this action pending resubmission of Plaintiff's claims to the Plan, this Court did not decide the merits of the parties' contentions. Yet, to award attorneys' fees the parties, in effect, are seeking a decision on the merits of the parties' respective positions. Of the factors to be considered, the parties do not dispute the Defendants' ability to pay and analysis of the second factor is unnecessary. This factor alone, however, is not dispositive. Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 937 (6th Cir. 1996). Here, the Court finds it necessary to discuss the fifth factor first as the analysis of that factor is required to address other factors..

As a threshold matter, the Courts agrees with the Defendant that the Agreed Order is not evidence of Plaintiff's success. In Sullivan v. Hudson, 490 U.S. 877, 889 (1989), the Supreme Court allowed the prevailing party to recover attorneys' fees for legal work in an administrative proceeding given the district court's order remanding the plaintiff's social security claims to the Secretary of Health and Human Services, and the Supreme Court found that due to the mandatory nature of the administrative proceedings and the fact that the proceedings were so intimately connected with the judicial proceedings, the administrative proceedings should be considered part of a civil action for purposes of a fee award. Id. at 889-90; see also, Anderson, 220 F.3d 449. The Court concludes that Sullivan does not support an award of attorneys' fees here because the parties entered into settlement negotiations that resulted in the Agreed Order and the subsequent administrative closure of this action. (Docket Entry Nos. 24, 29). The plaintiff's claims in Sullivan were remanded to the Secretary after a district court's order finding that the Secretary did not follow the regulations in making the disability determination there. Here, this Court did not make any factual findings or render legal conclusions as to the merits of the parties' claims necessitating a

3

remand. Rather, the parties entered into an Agreed Order to remand.

As to the Fifth factor, a significant part of Plaintiff's ERISA claim is the Defendants' procedural irregularities in the appeal process under the Plan. Under the Defendants' Plan in effect at the time of Plaintiff's claim for benefits, Plaintiff had a right to appeal Provident's denial to Defendant SunTrust, the Plan sponsor. In the Plan documents, SunTrust Banks, Inc. is listed as the Plan Sponsor:

> Plan Sponsor
> SunTrust Banks, Inc
> 303 Peachtree Street Suite 1000
> Atlanta, GA 30308

(Docket Entry No. 32, Ex. B at 2). For the appeal process, the Plan provides:

> **We, [SunTrust], will review your claim promptly after we receive your request.** We will send you a notice of our decision within 60 days after we receive your request, or within 120 days if special circumstances require such an extension. We will state the reasons for our decision and refer you to the relevant parts of the Plan. (emphasis added).
>
> * * * * *
>
> Claims for benefits under the Plan are to be submitted to Provident as provided herein. If your claim for benefits is denied, you will receive a written explanation giving detailed reasons for the denial, specific references to Plan provisions on which the denial is based, a description of any additional material or information necessary for you to perfect the claim, and an explanation of why such material or information is necessary, **as well as an explanation of the claim appeal procedure.** (emphasis added).
>
> * * * * *
>
> If you are not satisfied, or do not agree with the reasons for the denial of the claim, **you may appeal the decision to the Claims Fiduciary (the Plan Sponsor).** The Claims Fiduciary shall have the sole and exclusive discretion and authority to carry out all actions involving claims procedures explained in the Plan. The Claims Fiduciary shall have the sole and exclusive discretion and power to grant and/or deny any and all claims for benefits, and construe any and all issues relating to eligibility of benefits. All findings, decisions, and/or determinations or any type made by the Claims Fiduciary shall not be disturbed unless the Claims Fiduciary has acted in an arbitrary and/or capricious manner. Subject to the requirements of law, the Claims Fiduciary shall be the sole judge of the standard of proof required in any claims for benefits and/or any question of eligibility for benefits. All

4

decisions of the Claims Fiduciary shall be final and binding on all parties. Whenever a decision on a claim is involved, the Claims Fiduciary is given broad discretionary powers, and the Claims Fiduciary shall exercise said powers in a uniform and nondiscriminatory manner, in accordance with the Plan's terms.

(Docket Entry No. 32, Ex. B at 2, 18-19, Employee Benefit Plan) (emphasis added).

The Plan, in fact, provided for Plaintiff's submission of her evidence on appeal directly to SunTrust and required SunTrust, not Provident, to review the merits of her claim on appeal.

> You may request in writing review of a denial of your claim within 60 days after you receive notice of denial. When you request a review, you may send us, [SunTrust],[1] written comments or other items to support your claim. You may review any nonprivileged information that relates to your request for review

(Docket Entry No. 32, Ex. B at 2, 18). There is no evidence that SunTrust reviewed Provident's denial of benefits in a manner contemplated by the applicable Plan provisions.

The record also reflects an agreement between SunTrust and Provident as to the latter's role in the administration of the Plan. The "LTD Administrative Services Agreement" cited by Defendants, provides that Provident was to:

h. **Provide advice on disputed claims**
i. Refer to the Employer, for consideration and final decision, any claim or class of claims the Employer may specify, including claims involving:
   1) Questions, with respect to qualification of claims submitted under the terms of Benefit Program,
   2) Questions, with respect to the amount due, and
   3) Controversy, with an analysis of the issues to assist the Employer in reaching a decision.

---

[1] Essential terms are defined in the Plan: "In this Plan, 'we,' 'us,' and 'our' mean Plan Sponsor." (Docket Entry No. 32, Ex. B at 2).

5

Id. (emphasis added).

In a letter dated September 4, 2001, Provident told Plaintiff that Provident would decide her appeal:

> If you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us, [Provident], within 60 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you wish us to consider. You may also request copies of documents contained in your claim file, which were pertinent to the denial decision. You should submit your written appeal to the following address: Unum Provident Corporation, Quality Performance Support Unit 1North, Chattanooga Customer Care Center, One Fountain Square, Chattanooga, TN 37402.

(Docket Entry No. 20, Administrative Record).

To be sure, SunTrust asserts that it followed Plan procedure by "approv[ing] each and every one of Provident's findings concerning Plaintiff's claim and the appeal of that claim. Notwithstanding SunTrust's discretion to do so, SunTrust chose not to overrule Provident's findings concerning the denial of Plaintiff's claim and the appeal of Plaintiff's claim." (Docket Entry No. 35, p.11). The provisions of the Plan clearly require SunTrust's direct review of the appeal, but the facts do not reflect any meaningful appellate review by SunTrust, but rather Provident's review of its own decisions.

Moreover, the factual record includes two emails that reflect the actual relationship between Provident and Suntrust in the appeals process. First, David Fairchild of Provident sent an email to a Suntrust employee about Plaintiff's appeal. This email reads:

> I received the appeal information yesterday and have already ordered the file. I'll be forwarding the additional medical information submitted by Ms. Thrasher for review today. **If the additional information does not alter our previous decision then we will forward the file to our appeals team.** I'll let you know what the additional review yields. Please let me know if you need any additional information.

6

Case 3:03-cv-00706   Document 43   Filed 01/26/06   Page 6 of 10 PageID #: 351

(Docket Entry No. 38 at ST0029) (emphasis added). The second email discloses confusion of SunTrust personnel on their role in this process. An email from Sharon Anderson, a Suntrust employee, in response to a communication from Provident about Plaintiff's appeal, reads, in pertinent part: " Noel [Haynes of Provident] stated that he needed to be able to link her with a disability during that time period. Noel advised that based on everything he just mentioned, **they will not accept another appeal because that's not how the plan works**. He will put this in nice words in a response letter to Karen and her attorney. Wanted our blessings first??????". Id. at ST 0039 (emphasis added). These two emails reflect that Provident, in fact controls the appeal process as opposed to advising SunTrust on appeals. The Court finds substantial merit in Plaintiff's claim of procedural irregularities in the Defendants' administration of its appeal process under its Plan that is administered differently than its provisions.

As to the first factor, the Court finds little evidence of culpability or bad faith on the part of the Defendant. The parties entered into the Agreed Order to suspend this action pending resubmission of Plaintiff's claims to the Plan (Docket Entry No. 24) more than a year after commencement of Plaintiff's action (Docket Entry No. 1) and approximately five months prior to Plaintiff's award of Social Security benefits (Docket Entry No 37, Ex. 1, Social Security Administration Decision). Because of the timing of her award of Social Security benefits, James Hannon, the third-party reviewer, never reached the merits of her initial claim for benefits. Hannon found that Plaintiff was entitled to benefits under the Plan due to the subsequent Social Security benefits award on March 18, 2005. (Docket Entry No. 37, at 2, Hannon Declaration). That award of Social Security benefits automatically entitled Plaintiff to benefits under the Defendants' Plan. Id. The cited procedural irregularities do not arise to

the level of bad faith, but reflect confusion on the extent of SunTrust's actual participation.

As to the third King factor, the deterrent effect of an award on others persons under similar circumstances, given the procedural irregularities in the Defendants' administration of the Plan, an award of attorneys' fees to Plaintiff would deter SunTrust's neglect of its obligations in the of appeals process in the future and encourage SunTrust to follow appellate procedures outlined in the Plan or to amend those provisions to conform to its actual practices.

The fourth King factor concerns whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries on an ERISA plan or resolve significant legal questions regarding ERISA. The Court finds that while Plaintiff filed this action primarily to recover benefits for herself, by obtaining a successful ruling on the proper process for appeal purposes, Plaintiff conferred a benefit to other persons who appeal under this Plan's procedures. This factor supports Plaintiff's claim for fees.

Considering the factors required by this Circuit in determining whether to award attorneys' fees and costs in an ERISA case, the Court concludes that an award of fees is appropriate. Foltice, 98 F.3d at 936-37(citing Secretary of Dept. of Labor v. King, 775 F.2d at 669); see also Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998). The Defendants do not dispute or challenge the reasonableness of the Plaintiff's fee application except for administrative and non-litigation entries. ERISA does not authorize recovery of attorneys' fees for work performed during the administrative phase of a benefits proceeding. Anderson v. Procter & Gamble Company, 220 F3d 449, 456 (6th Circuit, 2000); see also Lindberg v. UT Medical Group, Inc., 2006 WL 42174 (W.D. Tenn.).

From the Court's review, the following entries titled "Attorney Time" are for pre-

8

complaint work or hours expended after the order of remand and are denied:

| Date | Attorney | Description of Work | Time |
|---|---|---|---|
| 11/02/04 | ELB | Reviewed file in preparation for sworn statements | 1.25 |
| 11/03/04 | ELB | Sworn statement - Dr. Jerkins | 1.5 |
| 11/04/04 | ELB | Sworn statement - Dr. Vargas | 1.5 |
| 04/04/05 | ELB | Telephone call from Kathy Cloud saying her client needs more time on remand. | 0.3 |
| 05/09/05 | ELB | Telephone call from Kathy Cloud | 0.2 |
| 07/21/05 | ELB | Reviewed award letter fro Sedgwick CMS | 0.4 |

The remaining "Attorney Time" claimed by the Plaintiff is granted, totaling five thousand, four hundred and twenty dollars ($5,420.00).

All hours titled "Paralegal Time" expended following September 9, 2004, the date of the administrative remand Order (Docket Entry No. 24), are denied with exception to the following:

| Date | Description | Time |
|---|---|---|
| 09/11/04 | Received signed Agreed Order to administratively suspend this case pending further consideration of the claim. | 0.1 |
| 02/03/04 | Prepared Plaintiff's agreed order to extend administrative suspension and joint motion to extend administrative suspension for filing and FedEx to USDC | 0.5 |
| 12/07/04 | Received stamp copy agreed order to extend administrative suspension; joint motion to extend administrative suspension | 0.1 |
| 12/08/04 | Received stamp copy argeed order to extend administrative suspension | 0.1 |

All "Paralegal Time" claimed prior to September 9, 2004 is granted, totaling one thousand two hundred and thirty dollars ($1230.00).

9

As to Plaintiff's costs, because of a lack of specificity in the Plaintiff's affidavit, the Court is unable to discern whether some of the costs claimed by Plaintiff were incurred prior to or after the remand. Despite this lack of specificity, the Court in its discretion finds that the following costs occurred prior to the remand and shall be awarded:

| Description | Amount | Comment |
| --- | --- | --- |
| Filing Fee | $150.00 | Associated with filing of complaint |
| Tenn. Dept. of Commerce and Insurance for service of process | $15.00 | Associated with filing of complaint |
| Certified mail, service of process | $9.30 | Associated with filing of complaint |
| Medical Records Action Quick | $25.70 | For records requested prior to remand. |

The total amount of costs to be awarded equals two hundred dollars ($200.00). All remaining costs are denied.

For the foregoing reasons, the Plaintiff's motion for attorneys' fees (Docket Entry No. 32) should be granted as to six thousand six hundred and fifty dollars ($6,650.00) in fees, and as to two hundred dollars ($200.00) in costs, but should be denied as to all other fees and costs.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of January, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge